Per Curiam.

We think that Richardson never was the guardian. The ease is not like that of Marbury v. Madison. There the appointment by the president of the United States with the advice of the senate, was complete and beyond the control of the president. Here there was only a conditional appointment, and the condition was not performed. We rather incline to the opinion, that Crosby continued in the office of guardian.
When Crosby, being guardian, took the deed of mortgage from French to secure the sum-due to the ward, he became responsible for the debt, and continued so until the payment of the proceeds out of the land mortgaged. He might perhaps have discharged himself by assigning the mortgage to any successor duly appointed, but this has never been done. When the estate was sold, Crosby claimed the proceeds as due to his ward ; and he himself cancelled the mortgage. He received part of the purchase money directly, and the residue through Richardson, who unquestionably acted as his, as well as *549 French’s agent. He either gave up the security of his ward fraudulently, or he cancelled it upon receiving for her the money due. And the latter ought to be presumed, especially as the land was sold for the express purpose of paying that debt. The payment of French was to Crosby, who held the mortgage in trust for the ward. French ought therefore to be discharged.